**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

MICHAEL MCDANIEL,

    Plaintiff,

vs.

MANATT'S, INC. et al.,

    Defendants.

No. 15-CV-2077-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III.  *SUBJECT MATTER JURISDICTION* . . . . . . . . . . . . . . . . . . . . . *2*

IV.  *THE MOTION TO DISMISS AND REMAND* . . . . . . . . . . . . . . . . . *3*

V.   *DEFENDANTS' COSTS* . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

VI.  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## *I. INTRODUCTION*

The matter before the court is Plaintiff Michael McDaniel's "Motion to Dismiss and Motion to Remand" ("Motion") (docket no. 5).

## *II. PROCEDURAL HISTORY*

On July 17, 2015, McDaniel filed a "Petition at Law and Jury Demand" ("Petition") (docket no. 3) in the Iowa District Court for Black Hawk County, Iowa ("Iowa District Court"). In the Petition, he asserts the following seven claims against

Manatt's, Inc., Harold Kavalier, Bill Hanken, Chad (Hank) Schares and Chad Linquist (collectively, "Defendants"): (1) Count I asserts that Defendants violated Iowa Code Chapter 216 by discriminating against McDaniel in the terms and conditions of his employment based on the race of his romantic partner, calling it a "race by association" claim; (2) Count II asserts that Defendants violated Title VII of the Civil Rights Act of 1964 by discriminating against McDaniel in the terms and conditions of his employment based on the race of his romantic partner; (3) Count III asserts that Defendants violated Iowa Code Chapter 216 by harassing McDaniel and creating a hostile work environment based on the race of his romantic partner; (4) Count IV asserts that Defendants violated Title VII of the Civil Rights Act of 1964 by harassing McDaniel and creating a hostile work environment based on the race of his romantic partner; (5) Count V asserts that Defendants violated Iowa Code Chapter 216 by retaliating against McDaniel for reporting the alleged discriminatory practices; (6) Count VI asserts that Defendants violated Title VII of the Civil Rights Act of 1964 by retaliating against McDaniel for reporting the alleged discriminatory practices; and (7) Count VII asserts a claim for intentional infliction of emotional distress under Iowa law.

On August 18, 2015, Defendants filed a Notice of Removal (docket no. 2), which brought the case before the court. On August 21, 2015, McDaniel filed the Motion. On September 8, 2015, Defendants filed a "Response to Plaintiff's Motion to Dismiss and Motion to Remand" ("Response") (docket no. 8). On September 9, 2015, McDaniel filed a "Reply Brief to Defendant's Response" ("Reply") (docket no. 10). No party has requested oral argument on the Motion, and the court finds that oral arguments are unnecessary. The Motion is fully submitted and ready for decision.

### III. SUBJECT MATTER JURISDICTION

The court has original jurisdiction over the claims in Counts II, IV and VI because they arise under the United States Code. *See* 28 U.S.C. § 1331 ("The district courts shall

2

have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the claims in Counts I, III, V and VII because they arise out of the same common nucleus of operative fact as the federal claims. *See* 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

## IV. THE MOTION TO DISMISS AND REMAND

In the Motion, McDaniel seeks to dismiss with prejudice Counts II, IV and VI of the Petition, "contingent on the Court's grant of Plaintiff's Motion to Remand." Motion at 2. Once the federal claims have been dismissed, McDaniel argues that remand is appropriate because the court has dismissed all claims over which it exercises original jurisdiction, his state law claims raise novel issues of state law and the case has not progressed very far. Brief in Support of Motion (docket no. 5-1) at 3-4. The Defendants do not resist dismissal of the federal claims, so long as the counts are dismissed with prejudice. Response at 1.

Pursuant to Federal Rule of Civil Procedure 41(a)(2)[1], the court may order that an action be dismissed, "on terms that the court considers proper." According to the Eighth Circuit Court of Appeals:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial

---

[1] In the Reply, McDaniel notes that voluntary dismissal requires leave of court only after the defendant has answered or sought summary judgment. Reply at 4. He suggests that he may dismiss his federal claims as of right because Defendants have not answered or filed for summary judgment. *Id*. However, because McDaniel originally sought leave of court to dismiss his federal claims, the court will treat the dismissal as arising under Rule 41(a)(2).

3

> time and effort; and whether a dismissal will prejudice the defendants.

*Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). The Eighth Circuit has also noted that the use of voluntary dismissal as an avenue for seeking a more favorable forum is inappropriate. *Id.* at 1214; *see also Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to . . . seek a more favorable forum."). "In the removal context, this rule coincides with other measures which 'strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court.'" *Thatcher*, 659 F.3d at 1214 (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)); *cf. Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (recognizing "the right of defendants to have federal claims against them tried in federal court" in the context of the "artful pleading doctrine").

As a general matter, the court is reluctant to allow a plaintiff to rob a defendant of its right to have a federal court adjudicate federal claims against it. However, in the instant action, Defendants have renounced their right to a federal forum contingent on McDaniel's dismissal of the federal claims with prejudice. *See* Response at 1. All parties agree that, absent the federal claims, the case should proceed before the Iowa District Court. While the court is mindful that it must consider the plaintiff's purpose in seeking dismissal and whether such purpose is an improper forum-shopping measure, the court gives this consideration little weight because Defendants have consented to the dismissal.

The court agrees that, if it were to dismiss the federal claims from the instant action, it would be proper to remand the case back to the Iowa District Court. *See* 28 U.S.C. § 1367(c)(3); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise

4

jurisdiction over the remaining state law claims." (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006)); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("We stress the need to exercise judicial restraint and avoid state law issues wherever possible. We also recognize within the principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions."). The court recognizes that the case is at the outset, and there has been no "substantial amount of time and judicial resources expended in this case." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014). Furthermore, as far as the court is aware, McDaniel is correct that "the Iowa Supreme Court has not yet directly ruled on whether discrimination on the basis of race includes that discrimination on the basis of association with a member of a protected class." Brief in Support of Motion at 3. This unsettled question of state law further counsels that remand would be appropriate. *See* 28 U.S.C. § 1367(c)(1); *see also Thomas*, 743 F.3d at 1141 (noting that a district court may retain supplemental jurisdiction over state law claims where the principles of state law are "well-settled").

The court finds that the parties should be given an opportunity to litigate this action in the Iowa District Court if they so desire. Accordingly, the court will provisionally grant the Motion.[2] In the Iowa District Court, McDaniel shall file an amended complaint omitting the federal causes of action, or dismiss those claims with prejudice, and proceed

---

[2] The court reiterates, however, that this determination arises out of the peculiar situation in which the defendants do not resist dismissal of the federal claims and consent to remand. Under ordinary circumstances, a plaintiff's motion to dismiss federal claims in an attempt to coerce the court into abdicating its jurisdiction and remand the proceedings to a more favorable forum is repugnant to the purposes underlying the removal statute. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005) ("[T]he removal statute *grants defendants a right* to a federal forum." (emphasis added)); *Thatcher*, 659 F.3d at 1212; *Cahalan*, 423 F.3d at 818. Consequently, the court would customarily refuse to sanction such a practice.

in the Iowa District Court by October 9, 2015. The court retains jurisdiction over the instant action in the event that McDaniel fails to do so. If McDaniel fails to take appropriate action in the Iowa District Court, the instant action will proceed before the court with the federal claims intact. In such case, pursuant to the court's August 26, 2015 Order (docket no. 7), Defendants will have ten days to file an answer or pre-answer motion. *See* Aug. 26, 2015 Order at 1. The parties shall be directed to notify the court whether they are proceeding in the Iowa District Court or in this forum.

## V. DEFENDANTS' COSTS

Though Defendants do not resist McDaniel's request to dismiss the federal claims and remand to the Iowa District Court, they do seek costs and attorney's fees incurred in removing the case from the Iowa District Court. Response at 2. They argue that they are entitled to recover under 28 U.S.C. § 1447(c) and under the court's "inherent authority . . . to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff." Brief in Support of Response (docket no. 8-1) at 2, 5. McDaniel disagrees, arguing that "Defendants' request is a misplaced application of the fee-shifting provision of [§] 1447(c), and, even if the [c]ourt determines that a removing defendant may recover costs, the underlying facts do not warrant such an award." Reply at 1.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin*, 546 U.S. at 138. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

6

While it is true that "[m]ost actions seeking fees under § 1447(c) are brought by a plaintiff who wanted all along to be in state court against a defendant who improperly removed," the court is not barred from awarding fees to a removing defendant. *Micrometl Corp. v. Tranzact Techs.*, 656 F.3d 467, 470 (7th Cir. 2011). Indeed, the Eighth Circuit, in construing the predecessor to 28 U.S.C. § 1447(c), observed that:

> Congress meant just what it said when it directed the costs [of removal] should be taxed as might be just, and there is no reason to believe that it meant in all cases of remand they should be taxed to the party removing. If that had been what it had meant, it would have said so.

*Vaughan v. McArthur Bros. Co.*, 227 F. 364, 368 (8th Cir. 1915) (citations omitted). The language that the Eighth Circuit construed in *Vaughan* is substantially similar to the language used in the United States Code today. *Compare* The Jurisdiction and Removal Act of 1875, sec. 5, 18 Stat. 470 (1875) (providing that the court "shall dismiss the [removed] suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just") *with* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal."). Though *Vaughan* is a case of considerable antiquity, it has never been overturned and it was recently cited with approval by the Seventh Circuit Court of Appeals in *Micrometl*. The court finds that § 1447(c) authorizes it to award costs to Defendants, but it is also guided by the considerations that the Supreme Court outlined in *Martin*.

Defendants cite to a variety of other cases, none of which are binding, to support their argument. *See* Brief in Support of Response at 4; *see also Vaughan*, 227 F. at 367-68 (assessing costs against non-removing party because the plaintiff concealed diversity-destroying residency for years); *Davis v. Simmons*, Nos. 13-CV-92-LRR, 13-CV-93-LRR, 2014 WL 3698002, at *9 (N.D. Iowa July 24, 2014) (assessing costs against a plaintiff because she concealed facts regarding her residency, destroying diversity); *Clark v.*

7

*Safeway Stores, Inc.*, 117 F.Supp. 583, 584 (W.D. Mo. 1953) ("It has been the practice where a case was properly removed and then by amendment the plaintiff secured a remand, that judgment for costs should be imposed upon the plaintiff."). The court declines to rely too heavily on any of the cases cited by Defendants. *Vaughan* and *Davis* both involved certain wrongful acts by the plaintiff, concealed from the defendant at the time of removal, that made removal improper at the outset and, therefore, justified costs against the plaintiff. In this case, removal was proper at the time Defendants removed the case from the Iowa District Court. *Clark*, on the other hand, was decided before the Supreme Court's clarification of § 1447(c) in *Martin*. It also fails to cite any authority or provide any reasoning for its broad statement that costs are assessable against a plaintiff when a case, properly removable at the outset, becomes subject to remand due to amendment of a complaint.

Here, McDaniel has not concealed or misrepresented facts underlying the court's jurisdiction, and Defendants have not alleged any other impropriety inducing removal when it would have otherwise been improper. Instead, Defendants argue that, because McDaniel had control over the claims in the Petition, he should have refrained from alleging his federal claims when he initially filed, and dismissing those federal claims to avoid the federal forum is objectively unreasonable. Brief in Support of Response at 4-5. McDaniel argues that his abandonment of his federal claims was not in bad faith but rather was objectively reasonable based on considerations of travel and expense associated with litigation in federal court. Reply at 3. The court finds that McDaniel's attempt to avoid the inconvenience and expense associated with litigating in federal court is not "objectively unreasonable." While the court recognizes that Defendants have the right to a federal forum when federal claims are presented, McDaniel's right to select a particular forum is heightened when the federal claims have dropped out. *See Thatcher*, 659 F.3d at 1214 (recognizing the tension in removal cases between a plaintiff's right to select a particular

forum and the defendant's right to have a federal court adjudicate federal claims). The court is mindful that selectively dismissing claims to forum shop is inappropriate. *See id*. However, the court finds that McDaniel's dismissal of his federal claims was not objectively unreasonable such to justify the award of costs under § 1447(c).

However, even if McDaniel's dismissal of his federal claims is objectively unreasonable as Defendants argue, the court would exercise the discretion granted to it and decline to award fees in the instant action. *See Martin*, 546 U.S. at 141. The Supreme Court in *Martin* suggested that a plaintiff's delay in seeking remand or concealment of facts underlying jurisdiction could constitute "unusual circumstances," which may be sufficient to refuse awarding costs to the plaintiff, even if the defendant's initial removal was objectively unreasonable. *Id*. The example in *Martin* suggests that the plaintiff forfeits the benefit of the fee-shifting provision when it refuses to timely assert its right to remand. Likewise, the court finds that this principle should also apply to defendants. If a plaintiff's actions leading to remand are objectively unreasonable, the defendant's consent to those actions is sufficiently analogous to the example in *Martin* to constitute "unusual circumstances." Just as a plaintiff risks forfeiting costs by delaying remand, the defendant should similarly risk forfeiting costs when it acquiesces to the conduct that it argues is objectively unreasonable. Accordingly, because Defendants consent to dismissal of the federal claims, the court declines to award costs under § 1447(c).

Defendants also assert that they can recover fees based on the court's "inherent authority . . . to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff." Brief in Support of Response at 5 (quoting *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001)). Defendants argue that, because McDaniel is seeking to dismiss his federal claims with prejudice, they are properly viewed as the "prevailing party" for purposes of Federal Rule of Civil Procedure 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). McDaniel argues that the cases cited by Defendants are inapposite because they all sought costs when the plaintiff dismissed the action without prejudice, which was not the case in the instant action. Reply at 4.

As McDaniel points out, Defendants cite no controlling authority deciding whether a voluntary dismissal with prejudice makes Defendants the "prevailing party" under Rule 54. Further, the court is unaware of any Eighth Circuit precedent directly supporting Defendants' contention. Moreover, the court need not decide the issue at this time because the cases cited by Defendants, *Sequa* and *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456 (10th Cir. 1995) (en banc), are readily distinguishable—both cases involved the complete disposition of all claims presented to the court. In the instant action, because the state law claims remain and the parties intend to litigate them, the court declines to grant costs because not all claims have been disposed of and, therefore, the defendant is not the "prevailing party" in the instant action. *Cf. Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) ("A 'prevailing party' . . . is one '*in whose favor a judgment is rendered*' . . . ." (emphasis added) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).

## VI. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) This Motion (docket no. 5) is provisionally **GRANTED**. McDaniel is **DIRECTED** to amend the Petition or dismiss the federal claims with prejudice in the Iowa District Court by **October 9, 2015**;

(2) The parties are **DIRECTED** to notify the court whether such an amendment or dismissal with prejudice is filed by no later than **October 12, 2015**;

(3) The case is **REMANDED** to the Iowa District Court; and

(4) The parties are **DIRECTED** to bear their own costs.

**IT IS SO ORDERED**.

**DATED** this 29th day of September, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA